# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-4239

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARCUS LEE,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 CR 478—**Ruben Castillo**, *Judge.*

———————

ARGUED FEBRUARY 16, 2005—DECIDED FEBRUARY 25, 2005

———————

Before EASTERBROOK, WOOD, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A jury convicted Marcus
Lee of possessing a firearm despite a previous felony
conviction. 18 U.S.C. §922(g)(1). His sentence was 120
months' imprisonment; the judge expressed frustration at
his inability to impose a higher one, which the statutory
maximum forbade. Lee challenges the conviction on the
ground that the officer who made the arrest did not find the
gun, which was buried deep in a pocket of his cargo pants.
Still, the gun *was* found, and uncertainty about just which
officer found it and when does not preclude a reasonable
jury from finding guilt beyond a reasonable doubt.

Nor does it matter that the local jail gave the cargo pants

to charity after Lee failed to claim them. He says that the prosecutor's inability to produce the pants at trial was a "*Brady* violation," which is nonsense. *Brady v. Maryland*, 373 U.S. 83 (1963), deals with the concealment of exculpatory evidence unknown to the defendant. Lee was aware of his own pants. Recast as a complaint about spoliation of evidence, it fares no better. Destruction (or donation) of evidence raises problems only when the evidence was made scarce in order to undermine a valid defense. See *Illinois v. Fisher*, 540 U.S. 544 (2004); *Arizona v. Youngblood*, 488 U.S. 51 (1988). No such purpose has been alleged or is plausible. None of Lee's other complaints about the conduct of trial requires discussion.

Because the sentence is at the statutory maximum, and the range under the Sentencing Guidelines is higher (the judge calculated 168 to 210 months), Lee does not contend that his sentence is improper under the Guidelines or any federal statute. But he does contend, relying on *United States v. Booker*, 125 S. Ct. 738 (2005), that the district judge violated the sixth amendment when making the findings that established the presumptive sentence. The 168 to 210 month range depended not only on the events that the jury necessarily found beyond a reasonable doubt, plus Lee's older convictions (which need not be passed on by another jury, see *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)), but also the district judge's conclusions (on the preponderance standard) that Lee had obstructed justice by committing perjury at a pretrial suppression hearing, and that he had possessed the gun while committing two additional offenses (purchasing drugs and wearing body armor, which felons cannot do). Lee did not make any sixth amendment argument in the district court, however, so our review is for plain error. *Booker*, 125 S. Ct. at 769; Fed. R. Crim. P. 52(b).

In order to show plain error the defendant must establish, among other things, that the error "affected substantial rights"—which is to say that it made the defendant worse

off. See, e.g., *United States v. Olano*, 507 U.S. 725, 734-37 (1993); *Johnson v. United States*, 520 U.S. 461, 468-69 (1997); *Jones v. United States*, 527 U.S. 373, 394-95 (1999); *United States v. Cotton*, 535 U.S. 625, 631-33 (2002); *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2339-40 (2004). As our opinion in *United States v. Paladino*, No. 03-2296 (7th Cir. Feb. 25, 2005), also issued today, explains, ascertaining prejudice can be difficult after *Booker*, for the upshot of that decision is to increase district judges' sentencing discretion rather than reallocate any issue from judge to jury, change the burden of persuasion, or limit sentences to those that can be supported solely by the facts found by the jury. How can an appellate court know what effect extra leeway would have had, when the district court did not recognize that it had any? To avoid aimless speculation, we hold in *Paladino*, uncertainty should be resolved by asking the district judge.

As *Paladino* itself shows, however, a remand is necessary only when uncertainty otherwise would leave this court in a fog about what the district judge would have done with additional discretion. See also *United States v. Stockheimer*, 157 F.3d 1082, 1091-92 (7th Cir. 1998). One of the defendants in *Paladino* received a sentence at the statutory minimum. Nothing in *Booker* gives a judge any discretion to disregard a mandatory minimum, so there was no need to speculate about prejudice. We affirmed that sentence instead of remanding to obtain the district judge's views.

Other circumstances likewise may intimate that a district court's mistaken belief about the extent of its discretion to reduce the penalty did not work to a defendant's disadvantage, and therefore could not have undercut the defendant's substantial rights. One is when the district court states on the record that, if it had more leeway, it would have imposed a higher sentence. A second is when the court departs downward from the Guidelines, imposing a sentence below the calculated range. Such a departure may imply that the

Guidelines were not a constraint in the particular case and could suggest that there may have been no constitutional error: The ultimate sentence may rest on an exercise of discretion rather than on facts, found by the judge, that established the prescribed range.

A third circumstance is an upward departure from a properly calculated range. Upward departure is just a special case of the first circumstance: By moving up, the judge evinces not only a belief that discretion exists but also a disposition to exercise it adversely to the accused. Such a judge, knowing that *Booker* affords yet more latitude, might impose a sentence higher still; knowledge that freedom has increased would not induce the judge to reduce the sentence. Perhaps the imposition of sentence at the top of a properly calculated range also implies lack of potential effect, but we need not pursue that possibility.

The circumstances we have described are indicators rather than assurances. Sometimes district judges depart by reference to the Guideline range. For example, a judge may say or imply something like: "your crime and background are 10% less serious than the norm, so I am departing by two levels from the Guideline range." Such a connection, expressed or inferred from other events, would suggest that additional leeway might have affected the sentence and would justify a remand under *Paladino* to learn the district court's disposition. Linkage could occur as well when the number of levels by which to depart may have been constrained by pre-*Booker* law.

For many downward departures, though, the original range does not constrain the sentence: departures under the safety valve legislation, or on the prosecutor's motion to reward substantial assistance, often produce penalties that are the result of discretion unfettered by factual findings adverse to the accused. Similarly for some upward departures a mandatory range determined by factual findings

may not have worked to the accused's detriment, but the possibility cannot be excluded in all cases. That's why *Booker* called on the appellate courts to apply the plain error rule one case at a time rather than to treat all alike, and why it is important to ask the district judge's opinion in accordance with the procedure outlined in *Paladino*. But it is worthwhile to pay attention to these indicators along the way.

Two of these three circumstances are present in Lee's case. The district judge expressed a strong preference to give a higher sentence if he could do so. And the actual sentence was well below the Guideline range (which had been properly calculated). It was set, not by a percentage or level-based discount, but by the statutory maximum. Thus we can be confident that none of Lee's substantial rights was adversely affected by the district judge's application of pre-*Booker* law. Plain error has not been established, and the judgment is

AFFIRMED.[†]

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[†] This opinion was circulated before release to all active judges. See Circuit Rule 40(e). A majority did not favor a hearing en banc. Circuit Judges Ripple and Kanne voted to hear the case en banc for the reasons stated in their dissents from the denial of hearing en banc in *Paladino*.