**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 9, 2005
Decided May 10, 2005

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-3887

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>TIMOTHY HAMPTON,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03-CR-368-1<br><br>Robert W. Gettleman<br>*Judge*. |

**O R D E R**

Timothy Hampton pleaded guilty to one count of distributing more than 50 grams of crack, 21 U.S.C. § 841(a)(1), and was sentenced to 120 months' imprisonment and five years' supervised release.  His appointed appellate attorney filed a notice of appeal but now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue for appeal.  Hampton was notified of counsel's motion, *see* Cir. R. 51(b), but has not filed a response.  We limit our review of the record to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997), and because we conclude that the possible argument discussed by counsel is frivolous, we grant his motion to withdraw and dismiss Hampton's appeal.

Hampton was arrested after he sold crack to informants working with the DEA and FBI.  Count two of the indictment related to an incident in November 2002, when Hampton agreed to sell an informant 2.25 ounces of crack for $1,500. Hampton told the

informant that he still had to "cook" the cocaine into crack, and arranged another meeting. The following day, Hampton and the DEA informant exchanged $1,500 in cash for 63 grams of crack. He pleaded guilty to count two, and the probation officer held him accountable for another drug transaction that occurred in March 2003, when Hampton sold an FBI informant 141 grams of crack.

The district court adopted the probation officer's guidelines calculations without modification. As recounted in the presentence report, the distribution offense carried a base offense level of 34 because the count of conviction and relevant conduct involved the sale of approximately 200 grams of crack. *See* U.S.S.G. § 2D1.1(c)(3). Although Hampton pleaded guilty only to the count charging him with distributing 63 grams of crack, the 141 grams he sold in March was included as relevant conduct, *see* U.S.S.G. § 2D1.1, cmt. n.12. The probation officer recommended a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, resulting in a total offense level of 31. Combined with Hampton's criminal history category of II, the guidelines yielded a range of 121 to 151 months imprisonment. Hampton's 120-month term is one month below the low end of that range, and the minimum allowed under 21 U.S.C. § 841(b)(1)(A)(iii).

Counsel has uncovered only one potential issue for appeal: whether Hampton could challenge his sentence under *Booker v. United States*, 125 S.Ct. 738 (2005). Counsel concludes that any argument under *Booker* would be frivolous because the district court departed below the guideline range and instead sentenced him to the statutory minimum. We agree with counsel that an argument under *Booker* would be frivolous because there is no possibility that Hampton would be re-sentenced to a term of imprisonment below the statutory minimum. *See United States v. Paladino*, 401 F.3d 471, 480, 482-83 (7th Cir. 2005) (remarking that where sentence is the statutory minimum, "one can be certain that the judge would not have given a different sentence even if he had realized that the guidelines were merely advisory"); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005) ("Nothing in *Booker* gives a judge any discretion to disregard a mandatory minimum.").

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.