**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2005
Decided May 13, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 03-2232

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 02 CR 163 |
| CHARLES YARBOR, | |
| *Defendant-Appellant*. | Charles P. Kocoras, *Chief Judge*. |

**O R D E R**

This case has been returned to us by the Supreme Court "for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005)." Although most cases returned to us with a similar directive end up receiving a limited remand pursuant to our decision in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), this case cannot be similarly treated.

Charles Yarbor, along with three codefendants, was charged with a bevy of firearms offenses. He was convicted after a jury trial and sentenced to 60 months imprisonment on April 23, 2003. On April 14, 2004, we affirmed Yarbor's conviction and sentence. United States v. Wren, 363 F.3d 654 (7th Cir. 2004).

In United States v. Lee, 399 F.3d 864 (7th Cir. 2005), we said, where the record clearly reflects that the "district court's mistaken belief about the extent of its discretion to reduce the

penalty did not work to a defendant's disadvantage," the sentence should be affirmed. That's the situation here.

The district court sentenced Yarbor under the then-mandatory sentencing guidelines. Specifically, under the guidelines, Yarbor's base offense level was 26 because the offense involved a semiautomatic assault weapon and he had two prior convictions for controlled substance offenses. The court also increased his sentence by 6 levels because the offense involved between 25 and 99 firearms, 2 levels because the offense level involved a firearm with an obliterated serial number, and 4 levels because Yarbor transferred a firearm with knowledge that it would be used in connection with another felony offense. Thus, the district court determined that the applicable sentencing guidelines range was 168 to 210 months, based on a total adjusted offense level of 33, and a criminal history category of III. The district court, however, only imposed a sentence of 60 months, the statutory maximum, which was well below the applicable sentencing guidelines range. And when sentencing Yarbor, the judge stated that, if there was no statutory cap on his sentence, Yarbor would be going to jail for a "long, long time." The district judge also stated that, but for the 5-year statutory cap, he would have sentenced Yarbor to up to 15 years imprisonment.

In light of these facts, it is clear that the application of advisory guidelines would not have altered the outcome of this sentencing proceeding, and therefore it is unnecessary to remand the case to obtain the district court judge's views on the subject. Mr. Yarbor's sentence is affirmed.