**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 00-2397

UNITED STATES OF AMERICA,

Appellee,

v.

RONALD A. X. STOKES,

Defendant, Appellant.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before

Torruella, Dyk,[*] and Howard,
<u>Circuit Judges</u>.

<u>Judith H. Mizner</u>, for appellant.
<u>Cynthia A. Young</u>, Assistant United States Attorney, and
<u>Michael J. Sullivan</u>, United States Attorney, on brief, for
appellee.

September 8, 2005

---

[*] Of the Federal Circuit, sitting by designation.

**Per Curiam**.  On November 5, 2004, we affirmed the conviction of defendant-appellant Ronald A. X. Stokes for being a felon in possession of a firearm, 18 U.S.C. § 922(g), as well as his sentence of 30-years imprisonment.  See United States v. Stokes, 388 F.3d 21 (1st Cir. 2004).  Stokes subsequently petitioned for certiorari, during which time the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005).  In a routine order, the Supreme Court granted Stokes' petition for certiorari pro forma, vacated our judgment, and remanded for further consideration in light of Booker.  See Stokes v. United States, 125 S. Ct. 1678 (2005).  After review of the parties' supplemental briefs, we again uphold the length of Stokes' sentence and reinstate the judgment, but remand as to whether the district court would run the federal sentence concurrently with any parole sentence that the state might eventually impose from Stokes' prior conviction.

The facts surrounding this case have been thoroughly explained elsewhere.  See  Stokes, 388 F.3d at 23-25;  United States v. Stokes, 124 F.3d 39, 41-42 (1st Cir. 1997);  United States v. Stokes, 947 F. Supp. 546, 548-50 (D. Mass. 1996); Commonwealth v. Stokes, 653 N.E.2d 180, 181-84 (Mass. App. Ct. 1995), rev. denied, 655 N.E.2d 1277 (Mass. 1995).  In a nutshell, Stokes was convicted on one count of being a felon in possession of a firearm -- an AK-47 -- for a shooting which killed one person and

-2-

wounded two other individuals.[1]  The sentencing court found Stokes to be an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with a criminal history category of VI.  The court then determined Stokes' total offense level to be 34 -- placing his Guidelines sentencing range from 262 to 327 months' imprisonment -- due to the "overwhelming" evidence that he had used an AK-47 during a crime of violence.  United States v. Stokes, No. CRIM 95-10379-RGS, 2000 WL 246478, at *4 (D. Mass. Feb. 28, 2000).  Upon the government's motion, the court also departed upward one level, pursuant to U.S.S.G. § 5K2.6, because of "the extraordinarily dangerous nature of this particular weapon and ammunition involved in this offense."  The court then rejected Stokes' argument for a downward departure.  With a resulting Guidelines sentencing range of 292 to 365 months, the court sentenced Stokes to 360 months, stating that "Mr. Stokes' history of violent crimes and recidivist propensity justifies a sentence at the upper end of the applicable sentencing range."

The court ordered Stokes' federal sentence to run concurrently with the state sentence stemming from the same incident, but held that under U.S.S.G. § 5G1.3, it did not have the authority to run the federal sentence concurrently with any parole

---

[1]  In connection with this same incident, Stokes was also previously convicted and sentenced in state court on one count of illegally carrying a firearm and two counts of assault and battery with a dangerous weapon; he was acquitted, however, of the first-degree murder charge.  See Stokes, 653 N.E.2d at 180, n.1.

-3-

sentence that the state might eventually impose for a prior conviction. In relevant part, the court stated: "I would be willing to hear further by way of subsequent filings on this issue, but . . . [t]he problem is that the Guidelines have an explicit prohibition . . . . [I]f that's wrong, then I might consider it in the sentencing order."

Stokes now argues that the district court erred in sentencing him under the mandatory guidelines, and that under an advisory system, the district court might (1) impose a more favorable sentence, and (2) reconsider its denial of Stokes' request that his federal sentence run concurrently with any future state parole sentence.

While it is clear that sentencing under the mandatory guidelines was in error, Stokes has not preserved this claim of error below, and thus, our review is for plain error. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). Under this standard, Stokes must demonstrate a "reasonable probability" that the sentencing court would have imposed a lower sentence under an advisory guidelines regime. Id.; see also United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005) (requiring a "reasonable indication that the district judge might well have reached a different result under advisory guidelines"). When, however, "under a mandatory guidelines regime, a sentencing court has elected to sentence the defendant substantially above the

bottom of the range, that is a telling indication that the court, if acting under an advisory guidelines regime, would in all likelihood have imposed the same sentence." United States v. González-Mercado, 402 F.3d 294, 304 (1st Cir. 2005); see also United States v. Brennick, 405 F.3d 96, 101-02 (1st Cir. 2005); United States v. Carpenter, 403 F.3d 9, 14 (1st Cir. 2005).

Here, the court sentenced Stokes "substantially above the bottom of the range" -- 360 months from a sentencing range of 292 to 365 months -- based on "Stokes' history of violent crimes and recidivist propensity." Moreover, in so doing, the court exercised its discretion to depart upward, and "[b]y moving up, the judge evinces not only a belief that discretion exists but also a disposition to exercise it adversely to the accused." United States v. Lee, 399 F.3d 864, 867 (7th Cir. 2005) (holding that an upward departure may be one indication that errors from treating the guidelines as mandatory do not affect defendant's substantial rights). Under these circumstances, we find that Stokes has failed to show a reasonable probability that the district court would have imposed a lower sentence under an advisory guidelines system.

We find, however, that the district court might have ruled differently on the concurrency issue. As this court has stated, proof of reasonable probability that the district judge might have reached a different result under advisory guidelines is not "overly demanding." Heldeman, 402 F.3d at 224. In the instant

-5-

case, the fact that the sentencing judge indicated that he was willing to consider the concurrency issue but for the mandatory guidelines is sufficient for a <u>Booker</u> remand. <u>See</u> <u>United States</u> v. <u>Burhoe</u>, 409 F.3d 5, 11 (1st Cir. 2005) (finding reasonable probability when the district judge stated "I don't believe the language of the guidelines permit me to tailor this").

Thus, we again **<u>affirm</u>** Stokes' conviction and sentence, and order our earlier judgment reinstated, but **<u>remand</u>** to the district court as to whether, under an advisory guidelines system, it would order Stokes' federal sentence to run concurrently with any future state parole sentence.

**<u>It is so ordered</u>**.