UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2005
Decided December 22, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-3886

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 02 CR 123 |
| ADAM C. COLLINS, *Defendant-Appellant.* | David F. Hamilton, *Judge*. |

## O R D E R

Adam Collins was found guilty of armed bank robbery, 18 U.S.C. § 2113(a), (d), and use of a firearm during the robbery, *id.* § 924(c), and was sentenced to consecutive terms totaling 223 months' incarceration—68 months above the high end of the combined guidelines range for the two offenses. Collins argues in this appeal that 223 months is unreasonably long. We conclude otherwise and, accordingly, affirm the judgment.

## I.

Collins and two other men robbed an Indiana branch of National City Bank, waving guns at the employees and customers and threatening to kill anyone who moved. On Count One—armed bank robbery—the probation officer recommended a total offense level of 23 and a criminal history category of III; the resulting guidelines imprisonment range was 57 to 71 months. The recommended guidelines

term for Count Two—brandishing a firearm during the holdup—was 84 months to run consecutively, the same as the mandatory statutory minimum, *see* 18 U.S.C. § 924(c)(1)(A)(ii). But the district judge imposed a term of 105 months on Count One and a consecutive term of 118 months on Count Two for a total of 223 months, exceeding by 68 months the combined guidelines maximum of 155 months.

The judge moved above the high end of the guidelines range principally because he concluded that Collins's criminal history category underrepresents the seriousness of his criminal history and the likelihood of recidivism. *See* U.S.S.G. § 4A1.3. That determination rests in part on the fact that Collins received no criminal history points for a robbery and an unrelated auto theft he committed approximately nine years before the bank robbery, when he was 15. Neither of these juvenile offenses factored into Collins's criminal history score because of his age when he committed the crimes and the length of time between those offenses and the crimes here. The court observed that had Collins been an adult when he committed the uncounted juvenile robbery, he would have qualified as a career offender because he also had accumulated a countable conviction for aggravated battery. The court noted that since a career offender is automatically placed in criminal history category VI, Collins would have faced at least 25 years under the guidelines had his juvenile robbery offense counted towards his criminal history score. The district judge also emphasized that Collins's long-time gang affiliation, his repeated instances of misconduct and violent behavior during previous periods of confinement, and his overall pattern of criminal conduct since the age of 14 elevated his potential for recidivism beyond that reflected in his criminal history category as calculated. Finally, the court reasoned that the guidelines did not adequately take into account that Collins and his fellow bank robbers were violent and extremely dangerous, and had so "terrorized" the bank employees and patrons that they "will never forget that day."

## II.

Collins was sentenced before the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). In this court he first argues that *Booker* compels resentencing because his prison terms were increased, under a mandatory guidelines system, based on facts neither admitted by him nor found by a jury beyond a reasonable doubt. But Collins did not preserve this issue at sentencing, so the relevant question is whether *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), requires a limited remand. A remand under *Paladino* is necessary when we cannot tell from the record whether the sentencing court would have imposed a lower sentence had it known the guidelines were merely advisory. *Id.* at 483. But because moving above the high end of the guidelines range is not mandated by the guidelines and instead is the result of judicial discretion similar to that possessed under an advisory scheme, *United States v. Cunningham*, 405 F.3d 497, 504 (7th Cir. 2005), the nature of the sentence in this case evidences that the district

judge would have been unlikely to sentence lower under an advisory guidelines scheme, *see United States v. Johnson*, 427 F.3d 423, 429 (7th Cir. 2005); *United States v. Stewart*, 411 F.3d 825, 828-29 (7th Cir. 2005); *Cunningham*, 405 F.3d at 504; *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Although a sentence above the guidelines range does not absolutely foreclose a *Paladino* remand, *see United States v. Long*, 425 F.3d 482, 488-89 (7th Cir. 2005), here the judge carefully considered the sentence increase, and we see nothing about this case that distinguishes it from *Johnson, Stewart, Cunningham*, or *Lee*. A *Paladino* remand is not necessary because we are not "left in a fog," *see Lee*, 399 F.3d at 866, as to what the district judge would have done with extra sentencing discretion.

Collins next argues that his prison sentences should be vacated because the district judge, in fashioning the terms, relied on the probation officer's factual descriptions of his juvenile offenses rather than limiting his review to the statutory elements of those prior adjudications. The judge found that Collins would have qualified as a career offender if his juvenile adjudications had counted toward his criminal history, but Collins argues that the district judge could not have made this determination without looking at the factual descriptions of those juvenile crimes. To qualify as a career offender, a defendant must have at least two prior felony convictions for either a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1. In determining whether the defendant's prior convictions qualify, courts are limited to examining "'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *See United States v. McGee*, 408 F.3d 966, 988 (7th Cir. 2005) (quoting *Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005)). We have approved the use of a categorical approach in identifying crimes of violence. *United States v. Lewis*, 405 F.3d 511, 513-14 (7th Cir. 2005). Here, Collins committed "robbery" when he was 15 and "aggravated battery" when he was 17, and both of these offenses are categorically "crimes of violence." U.S.S.G. § 4B1.2, cmt. n.1; *see, e.g., United States v. Alvarenga-Silva*, 324 F.3d 884, 886 (7th Cir. 2001).

What remains is the reasonableness of the total term of imprisonment. Our pre-*Booker* methods of analyzing a "departure" above the guidelines range are no longer controlling. *Johnson*, 427 F.3d at 426. And though we have suggested that one useful gauge of the overall reasonableness of a sentence is whether it would have been sustained under our pre-*Booker* methodology, *see United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005), we are not persuaded by Collins's argument that the prison terms as fashioned by the district court in this case could not have been upheld as would upward departures before *Booker*. *See United States v. Croom*, 50 F.3d 433, 435 (7th Cir. 1995) (though defendant was not career criminal, juvenile offenses could be considered as pattern of recidivism to depart in direction of career offender status).

The district court recounted details of Collins's bank robbery and concluded that the incident was violent and terrifying for the customers and bank employees who witnessed it. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(a). The court reasoned that the violent nature of the episode justified increasing Collins's sentence beyond the guidelines range because while the recommended sentence is premised on a bank robbery in which no victim was physically injured, the calculated range did not account for Collins's dangerous behavior during the offense or the extent of the psychological impact on the victims. The judge also considered Collins's background and justified the increase based on his prior gang affiliation, *see* 18 U.S.C. § 3553(a)(1); *United States v. Melgar-Galvez*, 161 F.3d 1122, 1124 (7th Cir. 1998), his prior history of violence while in custody, and his overall pattern of criminal behavior, *see* 18 U.S.C. § 3553(a)(2)(b)-(d); *United States v. Peterson*, 256 F.3d 612, 615 (7th Cir. 2001). The district judge recognized that Collins's behavior pattern increased the likelihood that he would continue to "commit further crimes in the future," and concluded that increasing the overall length of his imprisonment was necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2)(c). Accordingly, the court adequately related its reasons for imposing a total term of imprisonment above the guidelines range to factors specified in § 3553(a), *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *Johnson*, 427 F.3d at 426, and we are convinced that the overall sentence is reasonable.

AFFIRMED.