United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30559
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE N. ROBINS,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-101-ALL-C

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Wayne Robins challenges his sentence under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Because he did not preserve his Booker error and because he cannot show that his substantial rights were affected, we AFFIRM.

To preserve Booker error, a defendant need not explicitly cite Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), or the Sixth Amendment. See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). However, he must "adequately apprise[] the court that he was raising a constitutional error." United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Olis</u>, 429 F.3d 540, 544 (5th Cir. 2005). The argument must be couched in terms that the facts used to enhance the sentence were not proven to a jury beyond a reasonable doubt. <u>See</u> <u>Akpan</u>, 407 F.3d at 376, 377.

In the district court, Robins's objections were not couched in constitutional terms; he merely asserted that the district court's factual findings were not supported beyond a preponderance of the evidence standard. Because he failed to properly alert the court to a constitutional error or adequately "capture the essence" of <u>Blakely</u>, <u>Booker</u>, and <u>Apprendi</u>, we review for plain error.

A defendant prevails under plain error review where he proves (1) that error occurred, (2) that the error is plain, and (3) that the error affected his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732-35, 113 S. Ct. 1770, 1777-78 (1993). If all three of those elements exist, a fourth element appears: A court should correct the error where it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." The burden to prove all of the above falls on the defendant. <u>Id.</u> at 736, 113 S. Ct. at 1779. Robins has met the first two require-ments. <u>See, e.g.</u>, <u>United States v. Mares</u>, 402 F. 3d 511, 521 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 43 (2005). This circuit's precedent requires that a defendant alleging <u>Booker</u> error must meet the third prong by showing that the sentencing court "would have

reached a significantly different result" under an advisory sentencing scheme rather than a mandatory one.  Id. at 521.

Here, the district court exercised its discretion to depart upwardly because Robins's criminal history was under-represented.  Robins cannot point to any evidence that the district court would have imposed a lower sentence but for the mandatory guidelines scheme; therefore, he has not met his burden of showing that any Booker error affected his substantial rights.  See United States v. Saldana, 427 F.3d 298, 308 n.38 (5th Cir. 2005) ("[W]e doubt whether a defendant could ever overcome plain error review of a claimed Booker violation in cases where the district court has upwardly departed.")(citing United States v. Lee, 399 F.3d 864 (7th Cir. 2005)).  Accordingly, Robins's sentence is

**AFFIRMED.**