United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20806
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATILDA BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas,
Case No. H-94-CR-162-1

_____

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In an opinion dated May 24, 2004, this court affirmed the district court's upward departure in sentencing defendant Matilda Bonilla for failing to appear for trial in connection with a 1991 drug charge. *See United States v. Bonilla*, 97 F. App'x 502 (5th Cir.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

2004).  While Bonilla's petition for a writ of certiorari was pending in the United States Supreme Court, the Court decided *United States v. Booker*, 543 U.S. 220 (2005).  The Court granted Bonilla's petition for certiorari and vacated our decision for consideration in light of *Booker*.  *See Bonilla v. United States*, 543 U.S. 1109 (2005).

Bonilla did not make a Sixth Amendment objection to the district court's upward departure at sentencing, so we review her sentence for plain error.  *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).  To prevail under the plain error standard, a defendant must show that the error had an effect on the outcome of the proceedings.  *See United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005); *see also United States v. Infante*, 404 F.3d 376, 394-95 (5th Cir. 2005) (defendant must show, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence").  The record reflects that the sentencing

judge affirmatively exercised his discretion to depart upwardly from the applicable guideline range in this case, and there is nothing before the court to even suggest that Bonilla might have received a lesser sentence under an advisory guideline regime.

Accordingly, Bonilla has not met her burden of showing that any error in this case affected the outcome of her sentencing hearing.  *See Saldana*, 427 F.3d at 308 n.38 ("[W]e doubt whether a defendant could ever overcome plain error review of a claimed *Booker* violation in cases where the district court has upwardly departed."); *United States v. Lee*, 399 F.3d 864, 867 (7th Cir. 2005) ("By moving up, the judge evinces not only a belief that discretion exists but also a disposition to exercise it adversely to the accused."). We therefore AFFIRM Bonilla's sentence.