**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald Ray YOUNG, Defendant– Appellant.**

No. 07–3856.

United States Court of Appeals, Seventh Circuit.

Submitted June 11, 2008.

Decided June 12, 2008.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Donald Ray Young, Terre Haute, IN, pro se.

Christopher D. Donovan, Pruhs Law Office, Milwaukee, WI, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, JOEL M. FLAUM, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

**ORDER**

Donald Ray Young pleaded guilty to distributing crack cocaine, see 21 U.S.C. § 841(a)(1), and because the offense involved 50 or more grams he was sentenced to the statutory minimum of 10 years' imprisonment and 5 years' supervised release, see 21 U.S.C. § 841(b)(1)(A)(iii). Young filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We invited Young to respond to counsel's submission, see CIR. RULE 51(b), but he has not. We limit our review to the potential issues identified in counsel's supporting brief. See United States v. Schuh, 289 F.3d 968, 973–74 (7th Cir.2002).

Young does not want his guilty plea set aside, so counsel properly omits from his Anders submission any discussion of the voluntariness of the plea or the adequacy of the plea colloquy. See United States v. Knox, 287 F.3d 667, 671–72 (7th Cir.2002). Counsel instead examines whether Young could challenge his prison sentence as unreasonable. Counsel notes that the district court properly calculated the applicable guidelines range and considered the sentencing factors under 18 U.S.C. § 3553(a). See Rita v. United States, —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007). But the court also recognized that 10–years' imprisonment was the statutory minimum sentence for Young's crime, and the court had no discretion to impose anything less. See United States v. Duncan, 479 F.3d 924, 930 (7th Cir.2007); United States v. Lee, 399 F.3d 864, 866 (7th Cir.2005). Counsel is thus correct that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.