**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 11, 2008
Decided June 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3856

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-332 |
| DONALD RAY YOUNG, | Charles N. Clevert, Jr., |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Donald Ray Young pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and because the offense involved 50 or more grams he was sentenced to the statutory minimum of 10 years' imprisonment and 5 years' supervised release, *see* 21 U.S.C. § 841(b)(1)(A)(iii). Young filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Young to respond to counsel's submission, *see* CIR. RULE 51(b), but he has not. We limit our review to the potential issues identified in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Young does not want his guilty plea set aside, so counsel properly omits from his *Anders* submission any discussion of the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Counsel instead examines whether Young could challenge his prison sentence as unreasonable. Counsel notes that the district court properly calculated the applicable guidelines range and considered the sentencing factors under 18 U.S.C. § 3553(a). *See Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). But the court also recognized that 10-years' imprisonment was the statutory minimum sentence for Young's crime, and the court had no discretion to impose anything less. *See United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Counsel is thus correct that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.