NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided March 16, 2017

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2657

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-CR-30266-MJR |
| TIMOTHY R. COLLIER, *Defendant-Appellant*. | **Michael J. Reagan**, *Chief Judge*. |

## O R D E R

A jury found Timothy Collier guilty of two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), two counts of carrying and using a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A), and one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The convictions stem from robberies of a pawn shop in East St. Louis, Illinois,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

and a liquor store in Belleville, Illinois. During the pawn-shop robbery, Collier shot the store owner three times, including one point-blank shot to the back of the head. The owner somehow managed to survive. Calling the crime "exceptionally heartless," the district court sentenced Collier to life plus 900 months in prison.

Collier has appealed, and a new lawyer was appointed for the appeal. That lawyer asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Collier opposes the lawyer's motion and has exercised his right under Circuit Rule 51(b) to identify issues he believes should be pursued. The lawyer's brief explains the nature of the case and considers issues that an appeal of this kind might be expected to involve. The analysis appears thorough, so we limit our review to the subjects the lawyer discusses plus the contentions in Collier's response. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers a challenge to the district court's decision to refuse to grant a motion for a mistrial after Collier's longtime on-again off-again girlfriend testified about some clothing she had provided to him. The defense argued at trial that the line of questioning about Collier having been out of town and returning with "some papers" would have led the jury to conclude that Collier had been in prison before the charged robberies. We agree with counsel that the challenge would be pointless. The district court issued a curative instruction to the jury in response to the testimony. The judge also pointed out in a post-trial order that the jury would have learned of Collier's previous felony conviction anyway because the parties stipulated to it for the charge of possessing a firearm as a felon. We would review the denial of a mistrial for abuse of discretion, and we agree with counsel that there is no basis for finding that the witness's testimony denied Collier a fair trial or that denial of a mistrial was an abuse of discretion. See *United States v. Roux*, 715 F.3d 1019, 1029 (7th Cir. 2013); *United States v. Lane*, 591 F.3d 921, 927 (7th Cir. 2010).

Counsel next considers renewing two challenges made at trial to the introduction of evidence from a video recording of Collier's interrogation. First, Collier objected to an excerpt from the recording in which he suggests a possible alibi; he feared that the excerpt might lead the jury to believe he had an obligation to raise an alibi defense. Second, Collier objected to a still image from the recording because, he argued, it showed the prison clothes he was wearing more clearly than the rest of the video. We agree with counsel that it would be frivolous to argue the district court abused its discretion in allowing this evidence. With respect to the alibi references, the court instructed the jury that Collier had no obligation to raise any defense, and counsel cannot identify any reason to believe that the jury disobeyed its duty to follow this instruction. See *United States v. Clark*, 535 F.3d 571, 581 (7th Cir. 2008); *United States v. Serfling*, 504 F.3d 672, 677 (7th Cir. 2007). And because the video recording was itself admissible, nothing could be gained

by asserting the court had to exclude a still image from it.

Counsel also evaluates whether, because the prosecutor in her opening statement described expected testimony from a witness who ended up not testifying, Collier could argue that his trial was unfair. But counsel correctly concludes that such a challenge would be hopeless. The district court instructed the jury that counsel's statements were not evidence, and again nothing suggests that the jury ignored the instruction and based a decision on the prosecutor's statement instead of evidence. See *Clark*, 535 F.3d at 581; *United States v. Hall*, 165 F.3d 1095, 1115–16 (7th Cir. 1999).

Counsel next considers whether Collier could make a non-frivolous argument that grand-jury testimony about the police investigation was misleading, rendering his trial unfair. During that investigation, when presented with a photo array that included an image of Collier, the victim of the robbery and shooting told police that Collier was "definitely" not his attacker. The agent who presented the array did not relay this statement to the grand jury. The agent said instead only that the victim was unable to make a positive identification. This is a troubling discrepancy, but it did not affect the fairness of the trial. At trial Collier's counsel cross-examined the agent about it and during closing argument argued that it undermined the prosecution's case. Moreover, such errors before a grand jury are harmless if a trial jury finds the defendant guilty. See *United States v. Mechanik*, 475 U.S. 66, 72–73 (1986); *United States v. Philpot*, 733 F.3d 734, 741–42 (7th Cir. 2013).

Counsel weighs a potential challenge to the district court's application of the sentencing guidelines. Because Collier used a firearm in connection with committing other offenses (including assault with attempt to commit murder), the court used a guideline cross-reference that increased his offense level. See U.S.S.G. §§ 2K2.1(c)(1); 2X1.1; 2A2.1. Collier had objected to this cross-reference. He argued that the discharge of the firearm already resulted in an enhanced penalty under 18 U.S.C. § 924(c)(1)(A), so that applying the cross-reference "double-counted" the increase for to the discharge.

We agree with counsel that this claim would be pointless. Under the Guidelines, double-counting occurs when a single aspect of the defendant's conduct triggers multiple increases in offense levels. See *United States v. Diekemper*, 604 F.3d 345, 354 (7th Cir. 2010). But double-counting is permissible unless a specific guideline provides otherwise, and no guideline prohibited it here. See *United States v. Vizcarra*, 668 F.3d 516, 520–21 (7th Cir. 2012). In any event, the cross-reference did not double-count discharge of a firearm because the district court found that Collier did not merely discharge it. He fired it intentionally at the victim's head from point-blank range.

Finally, we agree with counsel that Collier could not bring a claim based on the investigators' decisions not to collect and test certain DNA evidence. The claim would

require some evidence of bad faith, and counsel cannot identify any in this record. See *Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004); *United States v. Lee*, 399 F.3d 864, 865 (7th Cir. 2005).

That brings us to the arguments in Collier's Rule 51(b) response. He first proposes to argue that he should not have been convicted under § 924(c) for carrying and using a firearm during a crime of violence because his Hobbs Act robberies under § 1951(a) are not crimes of violence. He reasons that § 1951(a) robberies are not crimes of violence under the elements clause of § 924(c)(3)(A), and the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Collier is incorrect about the elements clause. Section 1951(b)(1), which makes unlawful the taking of property from the presence of another "by means of actual or threatened force, or violence, or fear of injury . . . to his person or property," closely tracks the definition of "crime of violence" in the elements clause of § 924(c)(3)(A), which includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." We recently held that a Hobbs Act robbery remains a crime of violence under the elements clause of § 924(c). *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017). *Anglin* controls, so Collier's proposed argument would fail.

Collier next suggests a Sixth Amendment challenge to the jury venire. In a post-trial order, the district court granted Collier access to some documents relating to the jury venire, including the court's plan for the random selection of jurors. The judge also offered his "recollection" that no African Americans appeared among the 42 potential jurors in the venire "to the extent one can discern race from merely looking at a person."

But it would be frivolous to argue from the current record that the jury venire violated the Sixth Amendment. To establish a prima facie violation of the Sixth-Amendment's fair-cross-section requirement, Collier must show from this record: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). We can assume, based on the district court's recollection about the lack of African Americans in the venire, that Collier would satisfy the first two prongs. But the record is insufficient to satisfy the third prong because the venire was randomly selected from voter lists under an authorized plan. *United States v. Neighbors*, 590 F.3d 485, 491–92 (7th Cir. 2009); *United States v. Guy*, 924 F.2d 702, 706 (7th Cir. 1991). Collier concedes that he has no evidence of systematic exclusion of African Americans in the jury-selection process.

Collier also wants to challenge the district court's instructions to the jury on the

§ 924(c) charges of carrying and using a firearm during a crime of violence. He contends that the instruction did not include an essential element of the offense—that the offense must be a felony. But the court properly instructed the jury on the requisite elements of the offense: that Collier carried and used a firearm during a crime of violence. The instruction thus adequately and fairly stated the controlling law defining the offense. *See United States v. Aldaco,* 201 F.3d 979, 989–90 (7th Cir. 2000).

Finally, Collier contends that the district court lacked jurisdiction to order restitution. He observes that the court ordered restitution after he filed his notice of appeal and argues that, because he filed that notice, the district court was disabled from ordering restitution. But a court retains jurisdiction to impose restitution when the victim's losses were not known before sentencing. See 18 U.S.C. § 3664(d)(5); *United States v. Ferguson*, 831 F.3d 850, 853 n.1 (7th Cir. 2016); *United States v. Tulsiram*, 815 F.3d 114, 117 n.2 (2d Cir. 2016). A challenge to jurisdiction would thus go nowhere.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.