**UNITED STATES of America,**
**Appellee,**

v.

**Edward H. PETERSON, Defendant–**
**Appellant.**

**Docket No. 01–1173.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

Robert E. Nicholson, Brooklyn, NY, for Appellant.

Lauren Goldberg, Assistant United States Attorney for the Southern District of New York; Joshua Levine and Robin L. Baker, Assistant United States Attorneys, and James B. Comey, United States Attorney, on the brief, New York, NY, for Appellees.

Present CARDAMONE, MINER, SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Barrington D. Parker, then-District Judge), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Defendant Edward H. Peterson appeals from the judgment of the United States District Court for the Southern District of New York (Barrington D. Parker, then-District Judge), denying Peterson's motion to withdraw his guilty plea and sentencing him to 188 months in prison and four years of supervised release. Peterson claims that: (1) his plea of guilty was not knowingly, intelligently, and voluntarily made; (2) the district court erred by not reducing his criminal history category; (3) his trial counsel was constitutionally ineffective; and (4) his criminal prosecution violated the Double Jeopardy Clause of the Fifth Amendment.

On September 20, 2000, Peterson pled guilty to distributing and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B). Peterson asserts on appeal that we should vacate his plea for not complying with Rule 11(c) of the Federal Rules of Criminal Procedure. Peterson claims that he did not understand the nature of the charges against him, because neither the court nor his defense attorney explained to him the difference in sentencing for selling crack cocaine and for selling powder cocaine. He additionally states that the government did not adequately establish, in accordance with Rule 11(f), that the substance he was distributing was crack cocaine. We find these claims to be without merit.

■ Even if the district court or Peterson's counsel failed to explain the differences in sentencing for possession and distribution of crack versus powder cocaine, a plea is knowing and intelligent under Rule 11(c)(1) so long as the defendant understands "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law...." Fed.R.Crim.P. 11(c)(1). Peterson's signed agreement contains the maximum and minimum statutory penalties for possession and distribution of crack cocaine, within which his resultant sentence fell. As for Peterson's claim that the government did not provide an adequate factual basis that he possessed crack cocaine, his admissions at the plea colloquy and in his signed plea agreement are sufficient to supply the factual basis of his guilty plea. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (noting that a defendant's statements during his plea "carry a strong presumption of verity"); *see also Irizarry v. United States,* 508 F.2d 960, 968 (2d Cir.1974) (affirming the adequacy of court's Rule 11(f) inquiry based on defendant's "admissions at the time of the plea"). In any case, the government offered lab reports showing that the substance Peterson possessed was indeed crack cocaine. Peterson's Rule 11 claims therefore fail.

■ Peterson next claims that the district court erred in failing to lower his criminal history category. Peterson's plea agreement waived his right to appeal any sentence within the stipulated guidelines range. Peterson argues, however, that appeal should be allowed as the district court believed it lacked the legal authority to lower the offense level imposed. *United States v. Rivers,* 50 F.3d 1126, 1130–32 (2d Cir.1995). We find nothing in the sentencing record to indicate that the district court was unaware of its power to depart. *See United States v. Lawal,* 17 F.3d 560,

563 (2d Cir.1994) ("[A] district court's silence concerning its refusal to depart downward does not support an inference that the district court misapprehended the scope of its authority."). Peterson also maintains that his criminal history status self-evidently should not have been that of career criminal under U.S.S.G. § 4B1.1, because he is not the type of offender the statute intended to target: he has no history of violent felonies, has committed only misdemeanors within the past ten years, and is merely a "street-level" narcotics dealer. The case law on point expressly refutes Peterson's contention, and thus the district court clearly did not abuse its discretion by failing to reduce *sua sponte* Peterson's offender level. *See United States v. Mishoe,* 241 F.3d 214, 218–29 (2d Cir.2001) (rejecting the claim that street-level narcotics sellers warrant a departure from the statutorily indicated criminal history category).

Peterson also argues that his trial counsel was ineffective. To succeed in this claim, Peterson must show that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that "but for counsel's unprofessional errors the results of the proceeding would have been different," *id.* at 694. Peterson meets neither prong of this test. Peterson's plea agreement was fair and secured him a reduction in sentencing. Any failure by Peterson's counsel—either to withdraw Peterson's guilty plea, obtain sentencing at the levels provided for powder instead of crack cocaine, or reduce his criminal history status—cannot be deemed unreasonable or prejudicial for the reasons we have given dismissing those substantive claims. We therefore find that Peterson's counsel was not constitutionally ineffective.

Finally, Peterson alleges that, because his motorcycle was seized in related civil proceedings, his subsequent criminal sentencing punished him twice for the same crime, in violation of the Double Jeopardy Clause. We are unsure why appellate counsel raised this argument without reference to *United States v. Leyland,* 277 F.3d 628 (2d Cir.2002), in which we held that "a criminal prosecution following a civil forfeiture is not considered a second punishment for double jeopardy purposes." *Id.* at 633 (citing *United States v. Ursery,* 518 U.S. 267, 287–88, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996)). Peterson's claim is thus baseless.

As we find none of Peterson's claims to have merit, the judgment of the district court is AFFIRMED.