**UNITED STATES of America,**
**Appellee,**

v.

**Frank SERRANO, also known**
**as Videoman, Defendant–**
**Appellant.**

No. 02–1167.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2002.

14

Robert E. Nicholson, Brooklyn, NY, for Appellant.

John P. Collins, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Robin L. Baker and Meir Feder, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and CARDAMONE, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of December, two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Frank Serrano appeals from the January 30, 2002 judgment of the district court convicting him, following a guilty plea, on two counts of violating 21 U.S.C. § 843(b) for use of a communications facility to facilitate the distribution and possession with intent to distribute 14.4 grams of crack cocaine. He was sentenced to two consecutive terms of 47 months' imprisonment, one year of supervised release, and a $200 special assessment. On appeal, Serrano argues that (1) his guilty plea was not knowing, intelligent, and voluntary; (2) there was no factual basis to sentence Serrano for facilitating a drug transaction involving crack cocaine; (3) the imposition of consecutive sentences for the two § 843(b) counts violated the Double Jeopardy Clause because the two phone calls underlying the charges were made in connection with a single drug transaction; (4) the district court erred by not *sua sponte* downwardly departing with respect to Serrano's criminal history category, which was calculated as VI based on his status as a career offender under U.S.S.G. § 4B1.1; and (5) Serrano was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to raise any of these arguments at sentencing. None of these claims has merit.

We reject Serrano's contention that his guilty plea was void as not knowingly, intelligently, and voluntarily made because the district court failed to apprise him of the differences between crack co-

caine and powder cocaine, the disparities in sentencing for the two drugs, and the maximum and minimum penalties Serrano faced. Because this claim was not raised before the district court, we review it for plain error, taking the entire record into account. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Under this standard we find no merit to Serrano's claim. Serrano was informed of the nature of the charges he faced as required by Fed.R.Crim.P. 11(c), specifically, that he used a communication facility to facilitate the distribution of 14.4 grams of crack cocaine. Rule 11(c) does not require a court to determine whether a defendant understands that a drug for which he was charged is different than a drug for which he was not charged.[1] Serrano, who allocuted to being involved in "two sales of crack," gave no indication at the plea colloquy (or, for that matter, on this appeal) that he did not understand the meaning of the term crack cocaine, despite being asked by the district court whether he agreed with the government's recitation of the facts. Rule 11(c) also requires the district court to inform the defendant of the maximum penalty he faces. Here, when asked by the district court to inform the defendant about the maximum penalty, the government responded, "On Counts 1 and 2, the defendant faces a maximum of four years' imprisonment...." We agree with Serrano that this recitation was misleading because it failed to inform him that he faced a maximum penalty of two consecutive sentences of four years apiece. We find, however, that any error was harmless when viewed in light of the entire record. The plea agreement, which Serrano acknowledged signing after he reviewed it with his attorney, stipulated to a guidelines range of 92 to 96 months and ex-

plained in detail that this range would require the district court to impose consecutive sentences. Moreover, as Serrano acknowledged at his plea colloquy, prior to entering his plea, he and his attorney discussed how the guidelines would apply to his case and he had agreed in the plea agreement not to appeal any sentence within or below the stipulated range of 92 to 96 months.

■ As for Serrano's challenges to his sentence, he waived his right to appeal his sentence when he entered into the plea agreement with the government, a waiver he acknowledged before the district court during his plea colloquy. *See United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir.2001) (*per curiam*); *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir. 1993) (*per curiam*). In any event, all of these challenges are meritless.

■ There was an ample factual basis to sentence Serrano on the basis that the drug transaction he facilitated involved crack cocaine, rather than powder cocaine: The indictment specified that the controlled substance at issue was "a detectable amount of cocaine base in a form commonly known as 'crack' cocaine' "; the plea agreement specified crack cocaine; at the plea colloquy, the government recited the conduct supporting the guilty plea as having involved 14.4 grams of crack cocaine; and—most significantly—the defendant allocuted at the plea colloquy that he "used the telephone two times, sir, to make a transaction, two sales for about—two sales of crack in Rockland County."

■ Serrano's double jeopardy claim is also frivolous, given that he acknowledged

---

1. We note that amendments to Rule 11(c) that occurred after Serrano pled guilty have no relevance to this appeal.

**16**

in his plea that he made two separate phone calls, and the statute expressly provides that "[e]ach separate use of a communication facility shall be a separate offense under this subsection." 21 U.S.C. § 843(b); *see Blockburger v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (noting that if individual acts are themselves prohibited, then they may be separately punished).

In light of the district court's statement that it "regard[ed]" Serrano's case as "well within the heartland of the guidelines," we reject Serrano's assertion that the district court's decision was ambiguous as to whether it mistakenly believed it lacked authority to depart downwardly with respect to Serrano's criminal history category. In the absence of such a mistake, the district court's decision to not downwardly depart is not reviewable on appeal. *See United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir.2001); *United States v. Clark*, 128 F.3d 122, 124 (2d Cir.1997).

Finally, because all of the foregoing arguments lack merit, Serrano's claim of ineffective assistance of counsel, which is premised on those arguments, must likewise fail.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.