**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 16, 2008
Decided November 12, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1086

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|    *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|    *v.* | |
| | No. 06-CR-727-1 |
| EDWARD SEARCY, | |
|    *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Edward Searcy pleaded guilty to two counts of bank robbery and the district court sentenced him to concurrent, 169-month terms of imprisonment. On appeal Searcy argues that his sentence is unreasonable.

In August 2006 Searcy robbed a branch of the Charter One Bank in Chicago. He gave the teller a note with the words "stick up" and said, "Don't make me show you my gun." The robbery netted $2,385. Two weeks later, demonstrating a complete lack of imagination, Searcy robbed the same bank, using the same general note and words. This time the take was only $792. In October 2006, while being held in jail because of an

unrelated domestic incident, Searcy approached a guard and confessed to the bank robberies. Searcy was indicted a month later on two counts of bank robbery, and he subsequently pleaded guilty to both without a written plea agreement. The probation officer who prepared the presentence investigation report recommended that Searcy be sentenced as a career offender because he already had two prior convictions for armed robbery, *see* U.S.S.G. § 4B1.1, which yielded a guidelines imprisonment range of 151 to 188 months. Searcy did not object to the guideline calculations in the PSR.

At sentencing, Searcy's lawyer made several arguments concerning the factors listed in 18 U.S.C. § 3553(a). First, he argued that, "[a]s bank robberies go," Searcy's two robberies were "not the worst" because he was unarmed. Second, counsel asserted that Searcy's designation as a career offender was "a bit of an overrepresentation" because the prior convictions were for nonviolent property offenses characteristic of a drug addict. This, of course, is an odd argument because the two prior convictions were for armed robbery, not necessarily a crime that's only committed by drug addicts. Also, counsel said it was an "accident of geography" that led to Searcy's career-offender status because the prior armed robberies--the "two big ones" in terms of violence-- occurred three days apart with no intervening arrest and were charged separately only because they occurred on different sides of a county line. Counsel argued for a sentence within the imprisonment range (i.e., 92 to 115 months) that would have applied if not for Searcy's career-offender status. Third, counsel contended that Searcy's acceptance of responsibility, which was shown by his unprompted confession to authorities, lessened the need for punishment, rehabilitation, and deterrence. Finally, counsel argued that Searcy deserved a lower sentence because during his pretrial detention he worked as a cook and made an effort to rehabilitate himself. For these reasons, counsel urged the district court to select a prison sentence "as lenient as possible."

Before imposing an overall prison sentence within the guidelines range, the district court discussed the § 3553(a) factors, summarizing Searcy's arguments for leniency. Specifically, the court stated that although Searcy did not actually wield a gun during the robberies, they were serious offenses that caused emotional distress and involved risk to those present. The court evaluated Searcy's criminal history and concluded that some of his prior crimes were violent and only a few of them--contrary to what Searcy said--stemmed from drug addiction. The court stated: "The public needs to be protected from individuals who are risking the public's life. The defendant's prior convictions show that the defendant does not respect the law and that the safety of others are placed at risk by defendant's actions. The defendant has been

convicted before for burglary and armed robbery, both of which could have resulted in harm to others."

The court considered Searcy's acceptance of responsibility and rehabilitation efforts but concluded that the sentence it imposed was "necessary to instill a respect for the law and to the defendant and others that contemplate such conduct." The court also considered the need to avoid sentence disparities among similarly situated defendants. Lastly, before imposing the sentence of 169 months' imprisonment, the court observed that Searcy did not require special-ized medical treatment and that he would receive treatment in prison for his drug addiction.

Searcy does not challenge the district court's guidelines calculations, and because the record shows that the calculations are correct, Searcy's prison sentence is presumptively reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). On appeal, Searcy makes two arguments against the reasonableness of his sentence. First, he argues that the district court imposed its sentence in a procedurally incorrect manner, and then he argues that the resulting sentence is unreasonable given his arguments for leniency. Really though, these two contentions are just different ways of expressing a single argument: that his sentence is unreasonable in light of the factors listed in § 3553(a).

Whether a district court followed the proper procedure for imposing sentence after *United States v. Booker*, 543 U.S. 220 (2005), is a question of law we review de novo. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). The sentencing court is not required to discuss each of the statutory sentencing factors; it is enough if the record confirms meaningful consideration of the types of factors set forth in § 3553(a). *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). Moreover, the court is not required to go through every factor raised by the defendant and articulate the weight given in determining a sentence. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1047 (7th Cir. 2005). All that is necessary is that the sentencing court respond to nonfrivolous arguments for leniency. *See United States v. Acosta*, 474 F.3d 999, 1003 (7th Cir. 2007); *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005). Sentencing courts are free to reject without discussion stock arguments for leniency, such as family ties, over-representation of the seriousness of prior convictions, acceptance of responsibility, and rehabilitative efforts. *See United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008); *Cunningham*, 429 F.3d at 678.

According to Searcy, the district court listened to his arguments for leniency but then imposed a sentence in the middle of the guideline range without specifically addressing those arguments or explaining why that point was appropriate. Searcy contends that the court did not demonstrate that it actually evaluated his arguments because all the judge did was acknowledge each of his contentions, seriatim, and announce that the particular argument had been "considered." Searcy insists that, if the court really had considered his arguments for a lower sentence, he would not have been sentenced to 169 months.

The record of Searcy's sentencing shows that the district court evaluated Searcy's arguments for a below-range term of imprisonment and gave meaningful consideration to the § 3553(a) factors. The court did not have to state explicitly that Searcy's circumstances did not warrant a lower sentence because the judge's statements made clear that he considered all of Searcy's arguments. *See United States v. Bustamante*, 493 F.3d 879, 891-92 (7th Cir. 2007); *United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646 (7th Cir. 2007). Unlike the sentencing court in *Cunningham* where the defendant's principal argument for leniency was ignored, the court here addressed each of Searcy's arguments for a lower sentence. The court's choice of sentence is not unreasonable simply because it rejected Searcy's pleas for leniency. *See United States v. Trice*, 484 F.3d 470, 475 (7th Cir. 2007); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005). The reasons given by the court for imposing a term of 169 months' imprison-ment are legally sufficient. *See Rita*, 127 S. Ct. at 2469; *Bustamante*, 493 F.3d at 892. Thus, the length of the term is reasonable. *See United States v. Johnson*, 534 F.3d 690, 696 (7th Cir. 2008); *Mykytiuk*, 415 F.3d at 608. And to that we add a final thought: a prison sentence of 169 months for a defendant convicted of two bank robberies with two prior armed robberies on his record could hardly be viewed, as Searcy suggests, as "unduly harsh."

For the foregoing reasons, we affirm the judgment of the district court.