NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 17, 2009
Decided November 23, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1454

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 08 CR 329-3 |
| MICHAEL SANDERS, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Michael Sanders pleaded guilty to crack offenses and was sentenced to 60 months' imprisonment, below the recommended guidelines range of 70 to 87 months and, due to the application of the safety-valve provisions, well below the 10-year statutory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. On appeal he argues that he should be resentenced using the guideline for powder, not crack, cocaine because the sentencing disparity between crack and powder cocaine offenses violates equal protection. He does so largely to preserve the issue for further review, because, as he acknowledges, the law in this circuit is squarely against him.

The underlying facts are straightforward.  In November 2008 Sanders pleaded guilty to conspiring to distribute more than 50 grams of crack and two counts of possessing with intent to distribute more than 50 grams of crack.  *See* 21 U.S.C. § 846, 841(a)(1).  At sentencing the district court calculated an offense level of 27 based on an original level of 32, pursuant to sentencing guideline § 2D1.1(c) and the quantity of crack involved, minus two points for meeting the safety valve, and minus three points for acceptance of responsibility and timely entering a plea.  With no prior convictions and a criminal history category of I, the final recommended guidelines range was 70 to 87 months' imprisonment.

In a sentencing memorandum and at sentencing, Sanders objected to the disparity between recommended terms of imprisonment for similar quantities of crack and powder cocaine.  The court rejected Sanders's argument in large part because application of the safety valve brought his recommended sentence under the mandatory ten years' minimum.  But the court imposed a below-guidelines sentence of 60 months to acknowledge Sanders's community work and the role that his own addiction to crack played in his crime.

On appeal Sanders argues that the disparity between recommended terms of imprisonment for crack and powder cocaine offenses violates the equal protection component of the fifth amendment's due process clause.  (At oral argument Sanders's counsel presented no argument but stood on the briefs.)  Sanders concedes that Congress had reasons for the disparity when it enacted the mandatory minimums in 1986 and that this court has since upheld the disparity.  *See, e.g., United States v. Trice*, 484 F.3d 470, 476 (7th Cir. 2007).  Sanders contends, however, that this court's decisions need to be reevaluated in light of *Kimbrough v. United States*, 128 S.Ct. 558 (2007), in which the Supreme Court describes the disparate treatment of crack and powder cocaine in the guidelines as "generally unwarranted" and based on now-discredited reasons.  *Id.* at 568.  Sanders argues that *Kimbrough* confirms that the sentencing disparity has a discriminatory effect and is no longer rational.

We do not read *Kimbrough* so broadly.  In that decision the Court held simply that a district court may, in its discretion, disagree with the advisory crack-powder ratio selected by the Sentencing Commission.  128 S.Ct. at 575-76.  *See United States v. House*, 551 F.3d 694, 700-01 (7th Cir. 2008).  Nothing in *Kimbrough* requires this court to invalidate sentences for crack offenses on equal protection grounds because similar offenses for powder cocaine would result in lesser sentences.  *See United States v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009).

AFFIRMED