**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2009
Decided January 6, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-4309

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, |
| *Plaintiff-Appellee*, | Eastern Division. |
| *v.* | No. 06 CR 877-1 |
| MICHAEL D. REILLY, | Blanche M. Manning, |
| *Defendant-Appellant*. | *Judge.* |

**O R D E R**

Michael Reilly pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), and was sentenced to a total of 151 months' imprisonment, the low end of the applicable guidelines range. Reilly argues that his sentence is unreasonable because the district court failed to adequately consider the sentencing factors in 18 U.S.C. § 3553(a). We affirm the judgment.

In November 2006 Reilly robbed a branch of TCF Bank in Chicago, Illinois, by holding his hand in his pocket and claiming to have a gun. He pleaded guilty to bank robbery despite asserting that he committed the offense during an alcohol-induced blackout. The district court calculated Reilly's imprisonment range using a total offense level of 29. *See* U.S.S.G. §§ 4B1.1, 3E1.1. That offense level, coupled with Reilly's criminal history category of VI, yielded a guidelines imprisonment range of 151 to 188 months.

At sentencing Reilly had no objections to the calculation of the guidelines imprisonment range. He argued, however, that the district court should minimize the effect of his career-offender status on his sentence because his chronic alcoholism was the "driving force" behind his current offense and prior convictions. Reilly has 50 prior convictions for misdemeanors (mostly theft) and 6 prior convictions for felonies, including 3 robberies. Reilly explained that he had no control over his alcohol addiction and that stealing was his way of coping. Reilly contended that his criminal history did not exhibit the premeditation and violence typical of career offenders.

Reilly also argued that the district court should impose a sentence below the career-offender guidelines range because, although he needed treatment for his alcohol addiction, he was not guaranteed a spot in the Bureau of Prisons' substance-abuse treatment program. To support this point, Reilly submitted the psychological evaluation of Dr. Michael Fields who opined that Reilly needs long-term individual therapy, long-term substance-abuse treatment, and psychiatric evaluation to determine whether medication can alleviate some of his emotional and social problems. Although Reilly maintained that a shorter prison sentence would allow him to receive his needed treatment sooner, the presentence investigation report explained the Reilly's past treatment for alcoholism outside of prison had been ineffective. Also, in her sentencing memorandum, Reilly's counsel acknowledged that Reilly had been released from federal custody just weeks before the bank robbery in this case and that, after brief stays in a homeless shelter and in jail, he went on a drinking binge before robbing the same TCF Bank branch that he had robbed six years earlier.

At the conclusion of the sentencing hearing, after considering Reilly's arguments for a below-guidelines sentence, the district court recognized the influence that alcoholism has had on Reilly's life and his need for treatment. Although it initially asked counsel what psychological evidence Reilly relied on for his claim that alcoholism affected his behavior, the court later acknowledged that "the Bureau of Prisons will see fit to provide some kind of treatment and counseling" because of Reilly's "major problem in terms of alcoholism." The court then concluded that 151 months' imprisonment was an appropriate sentence given the nature of the present offense, Reilly's long criminal history, the danger he posed to the public, and the prospect that he would receive needed substance-abuse treatment in prison. Before entering judgment, the district court held a second hearing to evaluate the prospects of Reilly receiving the necessary treatment in prison. Reilly's lawyer stated that Reilly was eligible for the Bureau of Prisons' intensive drug-treatment program but that a judicial recommendation would help ensure that he received a spot in the program. After agreeing to recommend that Reilly receive needed substance-abuse treatment in prison, the court announced that the 151-month prison sentence would stand.

On appeal Reilly argues that his sentence is unreasonable because the district court failed to adequately consider the effect of his alcoholism and related mental conditions, as contemplated by § 3553(a). In particular, Reilly contends that the district court may not have reviewed the psychological assessment that he submitted in support of his argument for a below-guidelines sentence because the district court seemed initially unaware that he had submitted a psychological evaluation. Reilly also maintains that the district court failed to appreciate that he was not guaranteed placement in the prison treatment program for curbing his alcohol-influenced criminal behavior.

Whether a district court followed the proper procedure for imposing sentence after *United States v. Booker*, 543 U.S. 220 (2005), is a question of law that this court reviews de novo. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). The sentencing court is not required to discuss each of the statutory sentencing factors under § 3553(a); it is enough if the record confirms meaningful consideration of the types of factors set forth in § 3553(a). *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). But the sentencing court must respond to a defendant's nonfrivolous arguments for leniency. *See United States v. Acosta*, 474 F.3d 999, 1003 (7th Cir. 2007) (citing *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

To support his argument that the district court's sentence was procedurally unreasonable because it supposedly ignored his psychological assessment and need for treatment, Reilly relies on *United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007), and *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005). In *Miranda*, this court vacated the defendant's sentence because the district court failed to address the defendant's argument that his Schizoaffective Disorder reduced the need for deterrence and rendered him less deserving of punishment. 505 F.3d at 794. Similarly, in *Cunningham*, this court remanded for resentencing because the district court "passed over in silence the principal argument made by the defendant" that his long history of psychiatric illness and substance abuse called for a below-guidelines sentence. 429 F.3d at 679.

This case differs from both *Miranda* and *Cunningham* because, rather than ignoring Reilly's principal argument for leniency—his alcoholism and need for treatment—the district court expressly recognized his "major problem" with alcoholism. Furthermore, because of its awareness of Reilly's alcoholism and need for treatment, the court held a second hearing on the likelihood of treatment in prison and, as a result, promised to make "a very strong recommendation to whatever facility [he is] sent to, that they provide [him] treatment." It is true, as Reilly argues, that the district court initially asked defense counsel if a psychological evaluation supported counsel's claim that alcoholism influenced Reilly's behavior, even though counsel had already submitted a psychological evaluation to the court. But later, the court, in the context of discussing Reilly's need for counseling and

treatment, openly recognized his mental-health issues as reflected in that evaluation. *See United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009). Moreover, in the judgment, the district court indicated that it was adopting the facts from the presentence investigation report, which included details regarding Reilly's lifelong struggle with alcoholism. Accordingly, the district court did not "pass[] over in silence" Reilly's alcoholism and treatment needs.

In arriving at a sentence, § 3553(a) requires the district court to consider other factors, in addition to Reilly's psychological condition. The court had to consider Reilly's life long history of committing thefts and robberies, the need to punish Reilly and to protect the public, and the kinds of sentences available. The court also had to consider the likelihood that prison would enable Reilly to receive effective treatment (a possibility that counsel acknowledged, even though it was not guaranteed) against the reality that, when not in prison, Reilly had either foregone or received ineffective treatment. Reilly's poor performance during his recent period of supervised release was also a relevant consideration. Under these circumstances, the district court reasonably determined that, despite Reilly's serious alcoholism, a sentence of 151 months' imprisonment with the possibility of effective treatment was appropriate.

The district court's choice of sentence is not unreasonable simply because it rejected Reilly's plea for leniency. *See United States v. Trice*, 484 F.3d 470, 475 (7th Cir.), *cert. denied*, 128 S. Ct. 297 (2007); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005). The reasons given by the court for imposing a prison sentence of 151 months address the arguments that counsel made, demonstrate meaningful consideration of the record and of the § 3553(a) factors, and are therefore procedurally reasonable. *See Rita v. United States*, 551 U.S. 338, 358 (2007); *United States v. Bustamante*, 493 F.3d 879, 891-92 (7th Cir.), *cert. denied*, 128 S. Ct. 1460 (2008). Moreover, this court presumes that Reilly's sentence is substantively reasonable because it falls within the properly calculated guidelines range, *see Miranda*, 505 F.3d at 791, and because nothing in the record overcomes this presumption, this court should conclude that Reilly's sentence is reasonable, *see United States v. Garcia*, 580 F.3d 528, 540 (7th Cir. 2009); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Accordingly, we AFFIRM the judgment of the district court.