NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 2, 2010
Decided April 7, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2325

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 CR 830-1 |
| STEVEN VILLA, | |
| *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Steven Villa was sentenced to 120 months in prison, the statutory minimum, for distributing more than 50 grams of crack cocaine. On appeal he asserts that the disparity between the amount of drugs required to trigger the statutory minimum sentences for crack offenses as compared to powder cocaine offenses violates the equal protection branch of the Fifth Amendment's due process clause and results in excessive punishment under the Eighth Amendment. We affirm.

Villa pled guilty to distributing more than 50 grams of crack in violation of 21 U.S.C. § 841(a)(1). At sentencing the district court applied a base offense level of 32 for relevant conduct including distribution of 396.9 grams of crack, see U.S.S.G. § 2D1.1(c)(4), and

subtracted three levels for acceptance of responsibility, see § 3E1.1, producing a total offense level of 29. For Villa's criminal history category of III, the guideline range would have been 108 to 135 months' imprisonment, except that the statutory mandatory minimum sentence of 120 months, see 21 U.S.C. § 841(b)(1)(A)(iii), raised the bottom of the range to 120 months. The court sentenced him to that minimum.

It is well known that the sentencing provisions of 21 U.S.C. § 841(b) treat one gram of cocaine base or crack as equivalent to 100 grams of powder cocaine. On appeal Villa argues that a "national consensus has developed rejecting the crack-powder disparity." Villa relies on *Kimbrough v. United States*, 552 U.S. 85 (2007), as well as various secondary legal materials, to argue that the crack/powder sentencing disparity lacks a rational basis. *See, e.g., id*. at 97 (noting that the sentencing commission "determined that the crack/powder sentencing disparity is generally unwarranted"); U.S. Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy 8 (2007) (concluding that "the Commission maintains its consistently held position that the 100-to-1 drug quantity ratio significantly undermines the various congressional objectives set forth in the Sentencing Reform Act"); *Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity; Before the Subcomm. on Crime and Drugs of the S. Comm. on the Judiciary*, 111th Cong. 6 (2009) (statement of Lanny Breuer, Assistant Att'y Gen., Criminal Division, United States Department of Justice) ("The legislative history does not provide definitive evidence for the rationale behind the adoption of the 100-to-1 ratio."). Such debate about legislative proposals does not provide a foundation for declaring existing legislation unconstitutional. The way for any such emerging consensus to change the law is for Congress to enact new legislation, not for judges to read tea leaves to try to predict what Congress might do.[*]

As Villa concedes, we have repeatedly rejected constitutional challenges to the different statutory minimums for crack and powder cocaine. See *United States v. Taylor*, 522 F.3d 731, 736 (7th Cir. 2008) (rejecting equal protection challenge); *United States v. Trice*, 484 F.3d 470, 476 (7th Cir. 2007) (same); *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997) (rejecting unspecified challenge); *United States v. Baker*, 78 F.3d 1241, 1248 (7th Cir.

---

[*]For example, Villa relies upon legislative proposals that would eliminate any reference to cocaine base from the relevant statutes, so that cocaine powder and crack cocaine would be treated identically. On March 11, 2010, after oral argument, the United States Senate Judiciary Committee unanimously approved proposed legislation that would raise the threshold for the ten-year mandatory minimum sentence from 50 grams of crack to 280 grams. See S. 1789. If Villa were charged with the entire 396 grams of crack for which he was held responsible in the sentencing guideline calculation, the current version of S. 1789 would not help Villa at all.

1996) (rejecting equal protection and Eighth Amendment challenges); *United States v. Smith*, 34 F.3d 514, 525 (7th Cir. 1994) (rejecting Eighth Amendment challenge); *United States v. Lawrence*, 951 F.2d 751, 754-55 (7th Cir. 1991) (rejecting equal protection and substantive due process challenges).  *Kimbrough* did not affect these holdings, for it held only that the Sentencing Guidelines, including those portions that mirror the statutory 100-to-1 ratio, are in fact only advisory.  552 U.S. at 108-10.  *Kimbrough* did not call into question the constitutionality of the statutory sentencing provisions.

Villa has preserved his arguments for further review, but we see no persuasive basis in the ongoing policy debate for revisiting these earlier constitutional holdings.  We do not mean to suggest that we endorse the current 100-to-1 ratio in section 841(b) as sound policy.  Those policy judgments are not part of our responsibilities.  We hold only that the current statute passes muster under the Eighth Amendment and the equal protection branch of the Fifth Amendment's due process clause.

AFFIRMED.