NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 17, 2014
Decided January 14, 2015

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1859

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> MARCUS MOORE, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 3:13CR00108-001 <br><br> Barbara B. Crabb, <br> *Judge*. |

**O R D E R**

Marcus Moore pled guilty to distribution of heroin. The district court sentenced him as a career offender to 188 months in prison. Moore has appealed, arguing that the court erred by not discussing adequately his principal argument in mitigation—that he deserved a lower sentence because his turbulent upbringing steered him into drug dealing at a young age. We affirm. The district court directly addressed Moore's mitigating argument, explained why it rejected his request for a below-guideline sentence, and reasonably weighed the factors under 18 U.S.C. § 3553(a) when imposing his sentence.

Moore sold 8.4 grams of heroin to a confidential informant in September 2013 and was indicted on one count of heroin distribution in violation of 21 U.S.C. § 841(a)(1). The government filed an information under 21 U.S.C. § 851 seeking an increased penalty based on Moore's two prior convictions for felony drug offenses, subjecting him to a 30--year maximum prison sentence, at least six years of supervised release, and a fine of up to two million dollars. See 21 U.S.C. § 851; 21 U.S.C. § 841(b)(1)(C). Moore pled guilty.

The probation officer prepared a presentence report that treated Moore as a career offender and calculated the guidelines range as 188 to 235 months in prison. The report summarized Moore's family background, noting that his siblings and parents had been or were currently incarcerated and that he had dropped out of school because his mother had made him sell drugs to cover their rent and to pay for her own drug addiction.

At sentencing Moore argued for a 10-year, below-guideline sentence based on his troubled upbringing. Moore's mother and aunt testified on his behalf, each highlighting the destructive environment in which he was raised and the circumstances that led him to deal drugs at a young age to support his siblings.

The district judge did not accept Moore's recommendation and sentenced him to 188 months, the bottom of the guideline range. The judge acknowledged Moore's difficult upbringing and his mother's influence on his decision to sell drugs but emphasized his unwillingness to take steps to change:

> [I]f I had the ability to change the way that you grew up, I would change it because you had a horrible upbringing, as your mother admits. . . . Not only did they fail to take care of you . . . they actually promoted or at least your mother did, promoted the idea of going out and selling drugs yourself so that she could have the drugs she wanted so badly and so that you would earn some money and could pay for the—her children to eat … . But there isn't—at this point there really isn't and there never has been anyone who could change you. The only person who could make the changes that you need to make is you.

On appeal Moore argues that the district court erred procedurally by overlooking key facts that supported his main argument in mitigation—his "compelling and profound family history and circumstances which led him to begin criminal activity as a child." Moore points, for example, to his mother's turn to prostitution and says that he sold drugs so that she could afford to stop.

We find no procedural error. A judge must offer enough explanation on the record to make clear that she considered a defendant's principal arguments in mitigation. E.g., *United States v. Davis*, 764 F.3d 690, 694 (7th Cir. 2014); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Here the judge directly addressed Moore's "horrible upbringing" that "promoted" his "going out and selling drugs." The judge's discussion of Moore's childhood showed that she adequately considered his argument in mitigation. See *United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010). So that parties and a reviewing court can understand a sentence, the *Cunningham* line of cases requires the judge to *address* substantial arguments in mitigation. It does not require the judge to recite the factual details supporting those arguments.

To the extent that Moore's argument can be construed as an attack on the substantive reasonableness of the sentence, it also fails. The judge acknowledged Moore's "horrible upbringing"—circumstances that concerned his history and characteristics, 18 U.S.C. § 3553(a)(1)—but deemed these considerations outweighed by his lack of effort to change the course his mother had set him on. In pronouncing her ruling, the judge appropriately commented on Moore's criminal past, see § 3553(a)(1), and the seriousness of selling heroin, see § 3553(a)(2)(A). Although the judge had discretion to sentence Moore below the guideline range, she was not required to do so, and she did not abuse her discretion by weighing other § 3553(a) factors more heavily than Moore's mitigating argument. See *United States v. Trice*, 484 F.3d 470, 475 (7th Cir. 2007); *United States v. Williams*, 436 F.3d 767, 768–69 (7th Cir. 2006).

AFFIRMED.